Hon. Timothy W. Dore
Chapter 11

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br>    LAYRON O. LONG<br>                          Debtor<br>LAYRON O. LONG<br>                          Plaintiff,<br>        v.<br>UNITED STATES OF AMERICA;<br>OREGON DEPT. OF REVENUE<br>                          Defendants. | Bankruptcy Case No. 21-10818-TWD<br>Adv. Pro. No.<br><br>COMPLAINT AND OBJECTION TO CLAIM |

## JURISDICTION

1. This Adversary Proceeding arises out of plaintiff Layron Long's bankruptcy filed under Chapter 11 and is now pending in this Court and titled: *In re: Layron O. Long* case no. 21-10818-TWD. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, 1334, 1331 and 11 U.S.C. § 505. This action is a core proceeding under 28 U.S.C. § 157(b)(B).

2. Venue is proper under 28 U.S.C. § 1409 because this Adversary Proceeding is one arising out of Debtor's bankruptcy.

## PARTIES

3. Plaintiff, Layron Long, is a Washington resident who is employed by an Oregon Nonprofit Corporation.

**Rank & Karnes Law, PC**
2701 12th Street SE.
Salem, OR 97302
Tel (503) 385-8888
Fax (503) 385-8899

P a g e | **1** COMPLAINT AND OBJECTION TO CLAIM

4. Defendant, United States of America, is a defendant as a result of the actions of the Internal Revenue Service (IRS).

5. Defendant, Oregon Department of Revenue (ODR), is a department of the State of Oregon.

## FACTUAL ALLEGATIONS

6. Plaintiff is a surgeon who works at Good Samaritan Health Services in Corvallis, Oregon.

7. In an effort to generate additional income, Plaintiff gambled amounts that exceeded $100,000 per year.

8. During all times relevant, Plaintiff's gambling was exclusively done on slot machines.

9. For tax years 2016 and 2017 Plaintiff timely filed his personal tax returns that included deductions for his gambling losses he incurred.

10. On or about October 7-14, 2019 the IRS disallowed all of Plaintiff's gambling losses he had claimed for tax years 2016 and 2017; the IRS assessed additional taxes and penalties as a result of the disallowed deductions in an amount exceeding $578,393.

11. Based solely upon the IRS's determination to disallow gambling losses, the ODR assessed taxes and penalties on the income calculated after the IRS disallowed Plaintiff's gambling losses.

12. Plaintiff did not receive any notice of the IRS's or ODR's examination of his 2016 and 2017 tax years.

13. With additional interest and penalties, the vast majority of Plaintiff's debts (excluding student loans) are based upon the assessments of the IRS and ODR described above.

14. Plaintiff actually incurred the gambling losses he claimed on his 2016 and 2017 tax returns.

**Rank & Karnes Law, PC**
2701 12th Street SE.
Salem, OR 97302
Tel (503) 385-8888
Fax (503) 385-8899

15. The IRS and ODR have no factual basis for the disallowance of Plaintiff's gambling losses for tax years 2016 and 2017.
16. It is statistically impossible for Plaintiff to have gambled and won the amount he was taxed upon without having incurred significant gambling losses.
17. Plaintiff is entitled to deduct his gambling losses from his gambling earnings.
18. The IRS proof of claim is incorrect due to the wrongfully disallowed gambling losses.
19. The ODR proof of claim is incorrect due to the wrongfully assessed taxes that are based upon the IRS's erroneous disallowance of Plaintiff's gambling losses.
20. The IRS and ODR have collected payments from Plaintiff which they have each applied to the wrongfully assessed taxes for tax years 2016 and 2017.
21. No court has adjudicated the legality of these assessments.

## CLAIM ONE

## OBJECTION TO CLAIM – IRS

22. Plaintiff incorporates by reference the allegations contained in this complaint.
23. The IRS proof of claim should be disallowed to the extent it seeks payment of any tax, penalty, or interest that resulted from the disallowed gambling loss.
24. The remaining balance of the IRS proof of claim should be offset to the extent the IRS previously applied payments attributed to the Plaintiff toward any tax, penalty or interest that resulted from the disallowed gambling loss.

## CLAIM TWO

## OBJECTION TO CLAIM – ODR

25. Plaintiff incorporates by reference the allegations contained in this complaint.

**Rank & Karnes Law, PC**
2701 12th Street SE.
Salem, OR 97302
Tel (503) 385-8888
Fax (503) 385-8899

P a g e | **3** COMPLAINT AND OBJECTION TO CLAIM

26. The ODR proof of claim should be disallowed to the extent it seeks payment of any tax, penalty, or interest that resulted from the disallowed gambling loss.

27. The remaining balance of the ODR proof of claim should be offset to the extent the ODR previously applied payments attributed to the Plaintiff toward any tax, penalty, or interest that resulted from the disallowed gambling loss.

## DETERMINATION OF TAX

## 11 U.S.C. § 505

28. Plaintiff incorporates by reference the allegations contained in this complaint.

29. Plaintiff seeks a determination of the correct amount of tax, penalty and interest Plaintiff owes each Defendant after the Court determines the propriety of the Defendants' disallowance of Plaintiff's gambling losses for tax years 2016 and 2017.

30. To the extent the Court determines that Plaintiff has paid taxes, penalties or interest in excess of the correctly calculated tax, penalty or interest, the Court should order the IRS and/or the ODR to apply any excess payments for tax years 2016 or 2017 to any tax owed by Debtor to offset any taxes legitimately owed.

Wherefore, Plaintiff requests that this Court enter judgment against each Defendant as follows:

A. Disallow any portion of the IRS's proof of claim to the extent that it contains any tax, penalty or interest that is a result of the IRS's disallowance of Plaintiff's gambling losses for tax years 2016 and 2017.

B. Disallow any portion of the ODR's proof of claim to the extent that it contains any tax, penalty or interest that is the result of the ODR's disallowance of Plaintiff's gambling losses for tax years 2016 and 2017.

**Rank & Karnes Law, PC**
2701 12th Street SE.
Salem, OR 97302
Tel (503) 385-8888
Fax (503) 385-8899

P a g e | **4** COMPLAINT AND OBJECTION TO CLAIM

C. Determine the tax, penalty and interest owed by Plaintiff, after allowance of Plaintiff's gambling losses, by offsetting any tax payments attributed to Plaintiff for Defendants' disallowed portion of their claim against the taxes Plaintiff actually owes.

D. Plaintiff's attorney fees and costs incurred herein.

Dated January 31, 2022

                                      /s/ Keith D. Karnes
                                      Keith D. Karnes WSBA # 35000
                                      Attorney for debtor-in-possession

**Rank & Karnes Law, PC**
2701 12th Street SE.
Salem, OR 97302
Tel (503) 385-8888
Fax (503) 385-8899

P a g e | **5** COMPLAINT AND OBJECTION TO CLAIM